UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

------------------------------------- x
UNIVERSAL MUSIC CORP., AFROMAN MUSIC,    :    Civil Action No.:
HERBILICIOUS MUSIC, AF CIRCLE C FUND,
LLC d/b/a ARLOVOL MUSIC, KASZ MONEY      :
PUBLISHING, WHEN I'M RICH YOU'LL BE MY
BITCH, and W CHAPPELL MUSIC CORP. d/b/a  :
WC MUSIC CORP.,
                                         :
              Plaintiffs,
                                         :
         -against-
                                         :
XY BAR, LLC and JERRY C. NGUYEN,
                                         :
              Defendants.
------------------------------------- x

## COMPLAINT

Plaintiffs, by their undersigned attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

3. Plaintiffs allege five (5) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4. The Plaintiffs named in Column 2[*] are the owners of the copyrights in the original musical compositions listed in Column 3 and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, defendant XY Bar, LLC ("XYB") is a limited liability company organized under the laws of the State of Kansas with offices at located at 2706 North Beacon Hill Court, Wichita, Kansas 67220.

6. At all times hereinafter mentioned, XYB did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as XY Bar, located at 2706 North Beacon Hill Court, Wichita, Kansas 67220.

7. Musical compositions were and are publicly performed at XY Bar.

8. On information and belief, Jerry C. Nguyen ("Nguyen" and, together with XYB, the "Defendants"), is an individual who resides and/or does business in this district.

9. At all times hereinafter mentioned, Nguyen was and is a member and/or owner of XYB.

10. At all times hereinafter mentioned, Nguyen was, and still is, responsible for the control, management, operation and maintenance of the affairs of XYB.

11. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at XY Bar, including the right and

---

[*] All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

ability to supervise and control the public performance of musical compositions at the establishment.

12. Each Defendant derives a direct financial benefit from the public performance of musical compositions at XY Bar.

### FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

13. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 1 million songwriter, composer, and music publisher members.

14. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15. Going back several years, ASCAP representatives have made more than one hundred attempts to contact the Defendants. ASCAP's representatives have contacted the Defendants or their representatives via mail, telephone, and email.

16. Defendants have refused all of ASCAP's license offers for XY Bar.

17. ASCAP's various communications gave Defendants notice that unlicensed performances of ASCAP's members' musical compositions at XY Bar constitute infringement of ASCAP's members' copyrights in their musical works.

3

18. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at XY Bar, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

19. The many unauthorized performances at XY Bar include the five copyrighted musical compositions upon which this action is based.

20. The compositions listed in Column 3 were published on the dates stated in Column 5, and since the date of publication have been printed and published in strict conformity with Title 17 of the United States Code.

21. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

22. Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions at XY Bar, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

23. The public performances at XY Bar of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants, or employees, nor any performer, was licensed by, or

otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

24. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

25. The many unauthorized performances at XY Bar include the performances of the five copyrighted musical compositions upon which this action is based.

26. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

27. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

1. That Defendants and all persons acting under the direction, control, permission, or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any of them -- and from causing or permitting the said compositions to be publicly performed at XY Bar, or in any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

2. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred and Fifty Dollars ($750) in each cause of action herein.

3.     That Defendants be decreed to pay the costs of this action and that reasonable attorney's fee be allowed as part of the costs.

4.     For such other and further relief as this Court deems appropriate.

Respectfully submitted,

By: /s/Susan L. Mauch
Susan L. Mauch, KS #15295
slmauch@gseplaw.com
Goodell Stratton Edmonds & Palmer LLP
515 S. Kansas Avenue
Topeka, Kansas 66603
Phone:  785-233-0593
FAX:  785-233-8870
**ATTORNEYS FOR PLAINTIFFS**

## DESIGNATION OF PLACE OF TRIAL

COMES NOW plaintiffs Universal Music Corp., Afroman Music, Herbilicious Music, AF Circle C Fund, LLC d/b/a Arlovol Music, Kasz Money Publishing, When I'm Rich You'll Be My Bitch, and W Chappell Music Corp. d/b/a WC Music Corp. and designates Wichita, Kansas as the place of trial in this matter.

Respectfully submitted,

By: /s/Susan L. Mauch
Susan L. Mauch, KS #15295
slmauch@gseplaw.com
Goodell Stratton Edmonds & Palmer LLP
515 S. Kansas Avenue
Topeka, Kansas 66603
Phone:  785-233-0593
FAX:  785-233-8870
**ATTORNEYS FOR PLAINTIFFS**